IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY CHAMBLESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | CV-00-RRA-3610-NE |
| LOUISIANA-PACIFIC CORP., | ) | |
| | ) | |
| Defendant. | ) | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| BEVERLY CHAMBLESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | CV-02-RRA-3146-NE |
| LOUISIANA-PACIFIC CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum of Opinion**

This is a civil action filed by the Plaintiff, Beverly Chambless against the Defendant,

Louisiana-Pacific Corporation ("LP"). The Complaint in CV-00-RRA-3610-NE, was filed on

December 15, 2000, and alleges "hostile work environment sexual harassment" in violation

of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); retaliation in violation of

Title VII (Count II); negligent and/or wanton and malicious training, supervision and

retention (Count III); sex discrimination in violation of Title VII in failure to promote the

plaintiff (Count IV); and age discrimination in violation of the Age Discrimination in

Employment Act ("ADEA") (Count V). The Plaintiff also asserts that her rights under 42

U.S.C. § 1981a were violated.  However, none of the Plaintiff's Counts allege a violation of this act.  It is cited only generally at the beginning and end of the Complaint.

On December 23, 2002, the Plaintiff filed another suit against the same Defendant (CV-02-RRA-3146-NE), claiming only one count of retaliatory discharge in violation of Title VII.  By order of April 29, 2005, these two cases were consolidated before the undersigned.  By order of September 26, 2005, this Court granted summary judgment in favor of the Defendants as to Count II and as to all of the Plaintiff's claims under 42 U.S.C. § 1981.  The court also granted summary judgment as to Count III concerning all conduct alleged to have occurred prior to December 15, 1998.  Although the Defendant moved for summary judgment on the hostile work environment claims alleged in Count I, the count denied summary judgment as to those claims.  On January 3, 2006, the Court issued an order denying the Motion to Reconsider Ruling on Plaintiff's Hostile Environment Claim.  (Doc. 51).  However, during preparation  for the trial of the remaining issues, the Court has reconsidered that ruling.  For the reasons stated herein, the motion will be granted.

Because Alabama is a non-deferral state, the Plaintiff was required to file her Charge of Discrimination with the EEOC within 180 days of the alleged unlawful employment action.  42 U.S.C. § 2000e-5(e)(1).  This would directly effect her federal claims of hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I).  The Plaintiff filed her initial charge of discrimination on August 8, 2000; consequently, any incidents after February 10, 2000, occurred within the 180-day filing period. The Defendant concedes that the Plaintiff has asserted a timely claim as to LP's denial of her promotion to the Shipping Supervisor position, since that occurred in August

2

2000, within 180 days of filing her first EEOC charge. The Defendant contends that the remaining incidents are time-barred. In response, the Plaintiff contends that these incidents are part of a pattern or series of discriminatory acts and are therefore preserved by the continuing violation doctrine.

Viewing the facts in the light most favorable to the Plaintiff reveals two acts which were alleged to have occurred during the statutory period.  The Plaintiff was denied a promotion to the Shipping Supervisor position on August 4, 2000. *EEOC Charge of August 8, 2000*.  The Plaintiff was told that she was denied a promotion because she had been "written up." The Plaintiff was written up on July 26, 2000, because of alleged violations of company attendance policies. *Deposition of Plaintiff*, at 208-210.  The Plaintiff testified and contends that the write-up and policies behind the write-up were attempts to discriminate against her and furthering of a hostile work environment.  These led directly to her denial of the promotion at issue.  *EEOC Charge of August 8, 2000; Chambless Depo.*, at 209.

This Court had previously held that the doctrine applied to certain claims in this case. However, upon further examination, the facts of this case would not support the "continuation" of the hostile work environment claim.   The Supreme Court has held that "discrete" discriminatory acts should be treated differently from other actions.

> First, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as

background evidence in support of a timely claim.

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."

*Morgan*, 536 U.S. at 114.

Individual instances of continuing violations normally are not actionable because they do not alone rise to the level of an actionable claim. Also, discrete acts and non-discrete acts cannot mix to save the other:

> In *Brooks v. City of San Mateo*, we suggested that a hostile environment may result from a single instance of sexual harassment if the harassing conduct is sufficiently severe. 229 F.3d 917, 925-27 (9th Cir.2000). With the exception of sexual assault, few types of harassing conduct are more extreme than thrusting explicit sexual propositions toward an employee and then executing reprisals against her for resisting the advances.
>
> Given that, it would be tempting to conclude that all the offensive activities that Porter allegedly encountered between 1995 and 2001 are both timely and actionable as different "part[s] of the same unlawful employment practice." *Morgan*, 536 U.S. at 122, 122 S.Ct. 2061. But we believe that such an approach would blur to the point of oblivion the dichotomy between discrete acts and a hostile environment. See *id.* at 114-15, 122 S.Ct. 2061.
>
> As the Supreme Court emphasized, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113, 122 S.Ct. 2061; *see also Cherosky v. Henderson*, 330 F.3d 1243, 1245-47 (9th Cir.2003) (declining to treat a series of related employment decisions as a pattern or practice, but finding that each decision was a discrete act). Consequently, we refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances and then, regardless of whatever it was that set the spark in the furnace, call the fire that ignites therefrom a hostile environment. If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts.

*Porter v. California Dept. of Corrections*, 419 F.3d 885, 892-93 (9th Cir. 2005) (footnote omitted).  The court noted that an employee may use the prior acts as background evidence

in support of a timely claim. *Id*.

Here, the timely claims — the August 4, 2000 denial of promotion claim and the July 26, 2000 write-up claim — are discrete acts which have nothing to do with sexual harassment, sexual harassment being the particular form of the plaintiff's discriminatory hostile work environment claim.  Thus, these discrete claims cannot be used to give life to a sexually hostile work environment claim when all of the sexually hostile acts are themselves time-barred.  Accordingly, summary judgment on the plaintiff's sexual harassment claim is due to be granted.

An appropriate order will be entered.

**DONE** this 20th day of January, 2006.

Robert R. Armstrong, Jr.
United States Magistrate Judge